# Court of Appeals
# of the State of Georgia

ATLANTA,  May 09, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1238. CARA WILLIAMS v. CINDY MORRIS.

Inmate Cara Williams, a frequent filer, has filed an original mandamus petition with this Court. In her mandamus petition, Williams requests that we order a superior court judge to schedule a hearing on Williams's motion for recusal, extraordinary motion for new trial, and motion to set aside her conviction and sentence. But this case is not subject to original mandamus relief by our Court.

Appellate courts have mandamus authority in aid of their jurisdiction,[1] but the need to resort to the appellate courts for such relief is "extremely rare" because the superior courts of this state "have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction[.]" *Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019) (citation and punctuation omitted). This is not one of the extremely rare cases in which this Court will exercise original mandamus jurisdiction. As we have previously explained, the procedure to be followed before seeking to invoke this Court's original jurisdiction is "to file such petition in the appropriate lower court." Id. (punctuation omitted). Indeed, "[l]ike our Supreme Court, this [C]ourt has recognized that except in the rarest of cases, litigants seeking to invoke this [C]ourt's original jurisdiction must first petition the superior court for such relief." Id. at 20-21 (citation and

---

[1] See Ga. Const. of 1984, Art. VI, Sec. I, Par. IV ("Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments; but only the superior and appellate courts and state-wide business court shall have the power to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction.").

punctuation omitted).

Although Williams claims that she has "attempted" to file a mandamus petition in the trial court, it does not appear that any such mandamus petition has actually been filed or ruled upon by that court. Moreover, although Williams asserts that the trial court has "refuse[d]" to file her mandamus petition, she has not asked this Court to order any particular relief with respect to any such petition. Instead, she requests only that this Court order the trial court to take various actions with respect to the motions she has filed below. Under these circumstances, there is no basis for this Court to exercise jurisdiction.[2] Accordingly, this petition for writ of mandamus is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/09/2023*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*

---

[2] The instant mandamus petition is at least the fifth one that Williams has filed with this Court, all of which have been dismissed. See Case Nos. A22A0097 (dismissed May 6, 2022); A22A0345 (dismissed May 6, 2022); A22A0476 (dismissed May 6, 2022); and A22A1583 (dismissed July 13, 2022).